Argued May 8, affirmed May 31, 1962

## DAVIS *v.* THE DALLES LUMBER AND MANUFACTURING COMPANY

371 P. 2d 974

*Roger L. Dick,* The Dalles, argued the cause for appellant. On the briefs were Dick & Dick, The Dalles.

*John T. Lewis,* The Dalles, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

This is an appeal from a judgment for the price of logs in an action on an oral contract. Davis delivered certain logs to The Dalles Lumber and Manufacturing Company. The dispute concerns the amount due the seller. The parties stipulated to waive trial by jury. The court below gave judgment for Davis.

Counsel for the defendant company requested permission to make a closing argument. The trial court declined to hear him. This ruling is assigned as error. The defendant cites ORS 17.205 (1), which provides that the order of proceedings for nonjury trials shall be the same as for jury trials. The defendant then refers to ORS 17.210 (4), which reads:

> "Not more than two counsel shall address the jury in behalf of the plaintiff or defendant; the whole time occupied in behalf of either shall not be limited to less than two hours; and the court may extend such time beyond two hours."

It should be apparent that ORS 17.205 (1) refers to the order of those proceedings which are common to both jury and nonjury trials. Thus, it is relevant only to those common proceedings and even then only to their order, not to their length. ORS 17.210 (4), on the other hand, specifically refers only to the address to the jury. There are both constitutional and policy reasons which may, under certain circumstances, require that a party be permitted to address the jury. See *State v. Rogoway,* 45 Or 601, 78 P 987 (1904), modified on rehearing, 45 Or 611, 81 P 234 (1905).

Such reasons no doubt prompted the legislature to enact the provision granting each party the right to address the jury for two hours. Oregon General Laws 1905, ch 60. The legislature did not extend this requirement to nonjury trials. No reason has been suggested for the court to do so. The policy and constitutional considerations are totally different. When the jury has been waived, a trial court may, in its discretion, limit or deny oral argument.

■ The other assignments of error challenge the trial court's findings of fact. The defendant argues that the evidence does not support the judgment. The record, however, contains a very real conflict in the evidence. The questions of fact were decided by the trier thereof. There was substantial evidence to support the judgment. Subject to ORS 17.435, such a determination of the facts is final.

Affirmed.